NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Carmen TIBURCIO, Santa CASARRUBIAS, and Christina ECHEVARRIA, | : : : | |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | Civ. No. 03-754 (WHW) |
| BOW & ARROW MANOR, INC. d/b/a "The Manor" | : : : | |
| Defendant. | : : | |

**Walls, District Judge**

This matter comes before the Court on an appeal by plaintiffs Santa Casarrubias and Christina Echevarria ("Appellants") from Magistrate Judge Wigenton's September 27, 2004 order denying Appellants' motion to reinstate this action. Pursuant to Fed.R.Civ.P. 78, the Court decides this appeal without oral argument. Magistrate Judge Wigenton's order is reversed.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff Carmen Tiburcio ("Tiburcio") filed this suit on or about February 20, 2003, and the complaint was served on or about May 13, 2003. Appellants were joined as plaintiffs to the suit in September 2003, at the request of Tiburcio and her attorney, Michael R. Bressler ("Bressler"). Bressler was a New York attorney admitted *pro hoc vice* in this matter. Sherilyn R. Dandridge, Esq. served as local counsel to plaintiffs.

Appellants met with Bressler on several occasions, assisted Bressler in the preparation of the case, and Bressler was present during Appellants' depositions on January 8, 2004. However,

**NOT FOR PUBLICATION**

unknown to Appellants, Bressler was under investigation by the New York Departmental Disciplinary Committee and was suspended from the practice of law by the New York Appellate Division on January 6, 2004.  Ms. Dandridge moved to be relieved as local counsel because Bressler refused to respond to her inquiries regarding the case, and was permitted to withdraw as local counsel on January 23, 2004.  During the course of this action, Bressler failed to provide and respond discovery, and failed to follow the Court's order to retain new local counsel.

Magistrate Judge Wigenton ordered the parties to attend a settlement conference on February 2, 2004.  Bressler did not appear, so Magistrate Wigenton ordered plaintiffs and/or Bressler to appear on February 27, 2004 to show cause why the action should not be dismissed and why counsel fees should not be awarded to defendant.  After Bressler failed to appear on the February 27, 2004 return date of the Court's order to show cause ("OTSC"), Magistrate Judge Wigenton dismissed this action with prejudice.

Appellants claim that they were unaware of Bressler's disciplinary problems, unaware that Bressler was not actively pursuing their case, unaware that he did not appear at scheduled hearings on their behalf, and unaware that Sherilyn Dandridge had withdrawn as local counsel. Appellants were never personally served with copies of the orders issued in connection with Bressler's failures.  After sitting for deposition, Appellants attempted to contact Bressler, but were unsuccessful.  On March 11, 2004, Appellants went to Bressler's office and found it closed. An attorney at another firm in the building gave Appellants a copy of a newspaper article about Bressler's misconduct and suspension from the practice of law.

**NOT FOR PUBLICATION**

On March 12, 2004, Appellants consulted with Wayne S. Augenstein, Esq. ("Augenstein"), Appellants' current counsel, about the status of the case. Augenstein called William H. Healy, Esq., attorney for defendant, who answered his questions but refused to consent to an order reinstating the case. It appears that Augenstein made significant efforts to recover Appellants' case file and copies of documents relevant to the case. Predictably, Bressler's file was in disarray and Augenstein encountered difficulties in obtaining copies of transcripts and other documents for various reasons. Appellants claim that the case file was not reconstructed until May 2004.

Appellants formally retained Augenstein when they signed a fee agreement on April 23, 2004. The deadline to appeal Magistrate Judge Wigenton's dismissal order was April 1, 2004. Appellants did not appeal the dismissal order. In mid-April, Appellants filed charges of discrimination against defendant with the Equal Employment Opportunity Commission, which were dismissed on June 18, 2004 for lack of jurisdiction.

On May 20, 2004, Magistrate Judge Wigenton ordered Bressler to pay nearly $4,000 in counsel fees to defendant within 45 days. As of July 2004, Bressler has not made any payments related to the order. Magistrate Judge Wigenton did not render any award of counsel fees and costs against Appellants.

On or about July 1, 2004, Appellants moved Judge Wigenton pursuant to Fed.R.Civ.P. 60(b) for an order reinstating the case. Judge Wigenton held oral argument on Appellants' motion on September 27, 2004. At the close of oral argument, Magistrate Judge Wigenton denied Appellants' motion to reinstate the action, finding that there were no "extraordinary

**NOT FOR PUBLICATION**

circumstances" to warrant reinstating the action after numerous failures by Bressler to zealously represent his clients. Judge Wigenton expressed sympathy for Appellants, but ultimately determined that defendant's interest in finality outweighed Appellants' interests, and suggested that recourse was available to Appellants through a legal malpractice case against Bressler.

**STANDARD OF REVIEW**

The Federal Magistrates Act provides two separate standards of judicial review: (1) "*de novo*" for magistrate resolution of dispositive matters, see 28 U.S.C. § 636(b)(1)(B)-(C), and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Rule 72.1(a) of the Local Rules of the United States District Court for the District of New Jersey; Cipollone v. Liggett Group, Inc., 785 F.2d 1108 (3d Cir. 1986). Because Magistrate Judge Wigenton's order was dispositive, we review her decision *de novo*. In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge. See Haines v. Liggett Group Inc., 975 F.2d 81, 92 (3d Cir. 1992).

**DISCUSSION**

Rule 60(b) allows for relief from judgment due to mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, and certain other circumstances enumerated in the rule. See Fed.R.Civ.P. 60(b). Relevant to Appellants' motion are subsections (1) and (6), which provide relief in the case of "mistake, inadvertence surprise, or excusable neglect," and "any other reason justifying relief from the operation of the judgment." Id. Trial judges are vested with liberal discretion to dismiss a plaintiff's case because of his failure to prosecute to prevent

NOT FOR PUBLICATION

NOT FOR PUBLICATION

undue delays and congestion in the courts' calendars. See United States v. Moradi, 673 F.2d 725 (1982). However, that discretion should not be used to punish a litigant whose case is dismissed because of extraordinary circumstances that are beyond his control. See id. at 728 (holding that "justice also demands that a blameless party not be disadvantaged by the errors or neglect of his attorney.") When applying Rule 60(b), courts are called upon to strike a proper balance between the policy of encouraging disposition of claims on their merits and the importance of achieving finality in litigation. See Wright & Miller, Vol. 11, § 2857 at 257.

In our litigation system "each party is deemed bound by the acts of his lawyer" and is considered to have "notice of all facts, which can be charged upon their attorney." Link v. Wabash Railroad Co., 370 U.S. 626, 634 (1962) (holding that district court had inherent power to dismiss action based on plaintiff's attorney's failure to appear at conference). Under normal circumstances, a client must be held responsible for his lawyer's conduct, for "[i]f the lawyer's neglect protected the client from ill consequences, neglect would become all too common." United States v. 7108 West Grand Avenue, 15 F.3d 632, 634 (7th Cir. 1994). However, there are extraordinary circumstances present here which would make it unfair to charge Appellants with knowledge of Judge Wigenton's orders. Bressler was not the typical negligent attorney who failed to zealously protect his clients interests. Not only was he remiss in his obligations to Appellants and the Court, he was not admitted to practice law on two critical dates in this case: the day Judge Wigenton issued the OTSC, and the day she dismissed the case. Once plaintiffs' local counsel sought leave to withdraw due to her inability to contact Bressler, it should have become clear that Bressler's failure were not within the realm of ordinary negligence, and steps

NOT FOR PUBLICATION

should have been taken to verify that Appellants were aware that their suit was threatened with dismissal. It would not have required extraordinary efforts to personally serve Appellants with the OTSC. In the absence of a court order directing such service, defendant's attorney should have taken this upon himself. See Vindigni v. Meyer, 441 F.2d 376, 377-78 (2d Cir. 1971) (Under similar circumstances, court of appeals found "defendant's attorneys were at fault for failing to do what common sense required. In doing so they took unfair advantage of the plaintiff."); see also, Hassenflu v. Pyke, 491 F.2d 1094 (5th Cir. 1974) (noting that dismissal with prejudice due to attorney neglect is warranted only in extreme circumstances, and only after the court has resorted to "the wide range of lesser sanctions.")

Defendant also argues that Appellants cannot bring a motion under Rule 60(b) as an alternative to a timely appeal of Judge Wigenton's dismissal order. Appellants had until April 1, 2004 to appeal Judge Wigenton's order, but failed to do so. In their defense, Appellants assert that a timely appeal of Judge Wigenton's order was impossible because Augenstein did not formally represent them until April 23, 2004. Appellants argue that once extraordinary circumstances are found, Rule 60(b) should be applied liberally to "accomplish justice." United States v.McDonald et al, 86 F.R.D. 204, 208 (N.D. Il. 1980), citing 7 Moore's Federal Practice § 60.27(2) pp. 352 *et seq*.

Appellants met with Augenstein in mid-March, and although there was technically time for Augenstein to learn the relevant deadlines and file an appeal, his initial delay was both short-lived and excusable given the extraordinary circumstances present in this case. Appellants'

Case 2:03-cv-00754-WHW-MF   Document 25   Filed 05/24/05   Page 7 of 7 PageID: 209

**NOT FOR PUBLICATION**

motion to reinstate the action was filed approximately one week after Augenstein was formally retained and it is not disputed that Augenstein has diligently prosecuted the case ever since.

Although the Court recognizes defendant's interest in repose, under the circumstances justice requires that Appellants not be punished for their former attorney's misconduct. Defendant does not claim that he suffered any prejudice from the three month delay between the April appeal deadline and Appellants' Rule 60(b) motion.  In light of the general policy of the Federal Rules of Civil Procedure favoring the resolution of cases on their merits, the Court reverses Magistrate Judge Wigenton's order denying Appellants' motion to reinstate the case.

**CONCLUSION**

It is on this 23rd day of May 2005,

ORDERED that Magistrate Judge Wigenton's September 27, 2004 order is REVERSED.

**s/ William H. Walls, U.S.D.J.**