UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>William H. Walls<br>District Judge<br>_____<br><br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

NOT FOR PUBLICATION

LETTER OPINION

ORIGINAL ON FILE WITH CLERK OF COURT

September 27, 2006

Appearances:

Wayne S. Augenstein, Esq.
533 South Avenue West
Westfield, NJ 07090

William H. Healey, Esq.
Mandelbaum, Salzburg, Gold,
Lazris, Discenza, & Steinberg, P.C.
155 Prospect Avenue
West Orange, NJ 07052

Re:   Carmen Tiburcio, Santa Casarrubias, & Christina Echevarria v. Bow & Arrow Manor, Inc.
    No. 03-0754 (WHW)
    Appeal of Magistrate's Decision Denying Motion to Reopen Discovery

Dear Litigants:

   This matter comes before the Court on appeal by Plaintiffs Santa Casarrubias and

Christina Echevarria ("Appellants") from Magistrate Judge Hedges' July 21, 2006 Case

Management Order denying Appellants' motion to re-open discovery.  Pursuant to Fed. R. Civ.

P. 78, the Court decides this appeal without oral argument. Judge Hedges' order is affirmed.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Carmen Tiburcio filed this employment discrimination suit against Bow & Arrow Manor, Inc. ("Respondent") on or about February 20, 2003, and the complaint was served on or about May 13, 2003. Appellants were joined as plaintiffs to the suit in September 2003, at the request of Tiburcio and her attorney, Michael J. Bressler ("Bressler"). Bressler was a New York attorney and was admitted *pro hac vice* in this matter. Sherilyn Dandridge, Esq. served as local counsel to Appellants.

Appellants met with Bressler on several occasions and on October 24, 2003, Bressler served Respondent a notice to produce. Bressler attended Appellants' depositions on January 8, 2004. However, unknown to Appellants, Bressler was under investigation by the New York Departmental Disciplinary Committee and was suspended from the practice of law by the New York Appellate Division on January 6, 2004. Ms. Dandridge moved to be relieved as local counsel because Brassler refused to respond to her inquiries regarding the case, and she was permitted to withdraw on January 23, 2004. During the course of this action, Bressler failed to provide and respond to discovery and failed to follow the Court's order to retain new local counsel.

When Bressler did not attend a settlement conference on February 2, 2004 and failed again to appear on February 27, 2004 to show cause why the action should not be dismissed, Magistrate Judge Wigenton dismissed the action with prejudice.

Appellants were unaware of Bressler's disciplinary problems, unaware that he was not actively pursuing their case, and unaware that he did not appear at scheduled hearings on their

behalf. When Appellants learned about Bressler's misconduct and suspension from the practice of law, they retained Wayne Augenstein as counsel and moved, pursuant to Fed. R. Civ. P. 60(b), to re-instate the case. Judge Wigenton denied the motion on September 27, 2004 and Appellants appealed. This Court reversed Judge Wigenton's order on May 23, 2005.

On May 12, 2006, nearly a year after the Reinstatement Order, Appellants' counsel forwarded a joint discovery plan to Respondent which included discovery beyond that previously requested by Appellants' former counsel. Respondent refused to provide additional discovery. In a June 16, 2006 telephone status conference with Magistrate Judge Hedges, Appellants formally requested the reopening or extension of discovery. Judge Hedges ordered written submissions from the parties and heard oral argument on July 6, 2006. Judge Hedges denied Appellants' request to reopen or extend discovery. The Case Management Order was filed on July 21, 2006.

Appellants now appeal Judge Hedges' July 21, 2004 Case Management Order.

STANDARD OF REVIEW

The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters, see 28 U.S.C. § 636(b)(1)(B)-(C), and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Rule 72.1(a) of the Local Rules of the United States District Court for the District of New Jersey; Cipollone v. Liggett Group, Inc., 785 F.2d 1108 (3d Cir. 1986). Because the issue raised by Appellants is a nondispositive matter, this Court can set aside Magistrate Judge Hedges' order only if it is clearly erroneous or contrary to law.

A finding is contrary to law if the magistrate judge has misinterpreted or misapplied

applicable law. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Engineering Ltd., 891 F.Supp. 1035, 1037 (D.N.J.1995) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)).

The Third Circuit has interpreted this to mean that the reviewing court must accept the factual determination of the fact finder unless that determination "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." Haines v. Liggett Group Inc., 975 F.2d 81, 92 (3d Cir. 1992) (quoting Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir.1972)). Under the clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination "even if the court might have decided the matter differently." Cardona v. General Motors Corp., 942 F. Supp. 968, 971 (D.N.J. 1996) (quoting Toth v. Alice Pearly, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985)). In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge. See Haines, 975 F.2d at 92; Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997).

DISCUSSION

Appellants assert that when this Court reversed Judge Wigenton's order dismissing the case, it implicitly directed that discovery be re-instated in the case.[1] This Court disagrees. The May 23, 2005 Order reversing Judge Wigenton merely re-instated the case. It did not mean that

---

[1]The Order stated: "It is on this 23rd day of May 2005, ORDERED that Magistrate Judge Wigenton's September 27, 2004 order is REVERSED."

every request in Appellants' motion was granted. This Court's order in no way directed how discovery was to take place; the specifics of discovery were left to the parties and to the magistrate.

Accordingly, this Court reviews Judge Hedges' Order for clear error. In our litigation system, "each party is deemed bound by the acts of his lawyer." Link v. Wabash Railroad Co., 370 U.S. 626, 634 (1962) (holding that district court had inherent power to dismiss action based on plaintiff's attorney's failure to appear at conference). A client must be held responsible for his lawyer's conduct, for "[i]f the lawyers's neglect protected the client from ill consequences, neglect would become all too common." United States v. 7108 West Grand Avenue, 15 F.3d 632, 634 (7th Cir. 1994). At the same time, the purpose of reinstatement of a dismissed case is to allow a trial on the full merits of the case. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 403 (5th Cir. 1981). Proceeding without any opportunity for discovery would frustrate justice.

The Record indicates that Judge Hedges denied Appellants' motion to re-open discovery on the grounds that Appellants were bound by the acts of Bressler. He reviewed the document request which had been served on Respondent by former counsel and required Defendant to supplement its responses to twelve requests. He limited the discovery period to three years – two years before the filing of the complaint and one year afterwards – but indicated that if Appellants came back to him with evidence of a pattern of discrimination, he would consider expanding the discovery period.

Judge Hedges was also responsive to Appellants' concerns about the inadequacy of former counsel and the need for meaningful discovery. Although he did not permit open-ended discovery at this late date, Judge Hedges exercised his discretion and allowed Appellants limited

additional discovery. He permitted Appellants to propound five interrogatories, despite the fact that former counsel had made no such request, so that Appellants could gain an understanding of the structure and ownership of Respondent's related entities. He further allowed Appellants a deposition of a representative of the company. The Court notes that Judge Hedges did not foreclose the possibility of additional discovery if Appellants discovered evidence of a pattern of discrimination from the initial discovery. He specifically stated at the hearing that he would consider expanding the discovery period and allowing additional depositions.

Judge Hedges' Case Management Order denying Appellants' motion to re-open and extend discovery was not clearly erroneous or contrary to law. Rather, Judge Hedges struck an appropriate balance; his order protected Respondent from unduly burdensome discovery requests years after the filing of the Complaint while at the same time ensuring that Appellants would have adequate discovery to proceed in their case.

## CONCLUSION

It is on this 27th day of September, 2006,

ORDERED that Magistrate Judge Hedges' July 21, 2006 Case Management Order is AFFIRMED.

s/ William H. Walls

**William H. Walls, U.S.D.J.**